IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SMITH, N22143, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RACHELL DODD, )<br>LANCE ELLINGTON, )<br>J. CAYWOOD, )<br>RYAN A. KILDUFF, )<br>STATE OF ILLINOIS, )<br>ILLINOIS DEPT. OF CORR. )<br>)<br>Defendants. ) | Case No. 22-cv-1013-DWD |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Anthony Smith, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action for alleged issues that have arisen at Robinson Correctional Center (Robinson). (Doc. 1). Plaintiff seeks monetary damages and injunctive relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff alleges that from approximately June 7, 2021, to April 27, 2022, he was denied access to extra boxers, socks, t-shirts, and towels. (Doc. 1 at 10). Upon arrival at Robinson, he was issued one set of blue pants and a shirt that were used. He followed the proper procedures to request new or additional clothing, but his requests were denied. He was also prevented from buying many additional supplies from the commissary because he was often told that items were out of stock. He further alleges that the clothing he brought with him to Robinson during his transfer from Dixon Correctional Center had become so worn that it was threadbare and see-through. Plaintiff alleges that he is being treated as less than an animal, and he is embarrassed by his clothing. Plaintiff claims that normally when an inmate transfers to a new facility, he is given all new items including a blue uniform, boxers, socks, t-shirts, towels, bedding, and shoes. (Doc. 1 at 14).

Plaintiff makes broad allegations that his grievances have been delayed or ignored, the Robinson commissary has unethical practices, and there is retaliation and discrimination against individuals of color. (Doc. 1 at 11). He also alleges that he has been denied adequate access to the law library because it lacks many materials and there are not regular library hours. (Doc. 1 at 14). He suggests that he has been discriminated against based on his disability, which has made it difficult to get job assignments or education. (*Id.*).

Plaintiff seeks monetary compensation of an unspecified amount.  (Doc. 1 at 16).

### Analysis

Plaintiff's complaint is insufficient as pled because he has not clearly described the personal actions of the named defendants in association with his factual allegations.  To state a valid § 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.  *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).  Here, Plaintiff has not mentioned any of the defendants by name in the factual allegations of his complaint.  If a defendant is named in the caption of a case, but no claim is presented against that defendant in the body text, the claim may be dismissed without prejudice as to that defendant.  *See Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994) (it is appropriate to dismiss a defendant if he is named, but there is no sufficient allegation of personal involvement).

Plaintiff also has not sufficiently described any sort of action or activity by the defendants that violates the constitution.  Allegations that Plaintiff wished for additional sets of clothing, or that he wanted new clothing, are not sufficient to state a claim for harmful conditions of confinement.  *See e.g. Myrick v. Anglin*, 496 Fed. Appx. 670, 675 (7th Cir. 2012) (denial of new clothing or showers that did not exacerbate medical conditions was not unconstitutional); *Windsor v. Ind. Dept. of Corr.*, 2022 WL 857034 at *2 (N.D. Ind. 2022) (noting that infrequent clothing exchanges do not implicate constitutional concerns where inmate has the ability to wash the clothes he has); *Stanton v. Galipeau*, 2021 WL 1723047 at *1 (N.D. Ind. 2021) (finding that inability to change clothes coupled with lack of access to showers to clean, and unsanitary cells may state a claim); *Hardy v. Rauner*,

2018 WL 1904288 at *7-8 (S.D. Ill. 2018) (finding that infrequent clothing exchanges and holes in existing clothing did not constitute an Eighth Amendment claim). Plaintiff's factual allegations tend to suggest that he wanted new clothes, but not that he needed new clothes or that he was suffering some ill side-effect based on the lack of access to extra clothing. Accordingly, it is possible that even if he amended his complaint, Plaintiff does not have an adequate factual basis to state a claim.

The Court also notes that Plaintiff cannot bring claims against IDOC, or the State of Illinois, because these entities are immune from suit. Section 1983 provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law. *Torres v. Madrid*, 141 S.Ct. 989, 994 (2021). "The Eleventh Amendment grants states immunity from private suits in federal courts without their consent. An agency of the state receives this same immunity." *Nunez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016); *de Lima Silva v. Dep't of Corrections,* 917 F.3d 546, 565 (7th Cir. 2019). IDOC, as an agency of the state, is immune from Plaintiff's claim. Thus, IDOC is dismissed because Plaintiff has failed to state a claim against this state agency. The same goes for the State itself. Any claims against these entities fail to state a claim because they are immune.

For all the foregoing reasons, Plaintiff's current complaint will be dismissed without prejudice for failure to state a claim. However, Plaintiff will be given an opportunity to file an amended pleading. With an opportunity to amend, it is possible that Plaintiff could state a valid claim concerning the conditions of his confinement. If Plaintiff chooses to amend, he should carefully describe the personal actions of each

person he names as a defendant. Plaintiff will have 30 days from the date of this Order to file an amended complaint. The amended complaint will completely replace the earlier complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Failure to submit an amended complaint on time could result in the dismissal of this entire lawsuit for failure to state a claim or failure to prosecute. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1056-57 (7th Cir. 1997) (dismissal is allowed for failure to comply with a court order); 28 U.S.C. § 1915A.

## Motion for Recruitment of Counsel

In the Motion for Counsel, Plaintiff does not indicate if he has sought counsel on his own behalf, but he seeks counsel because he has limited access to the law library or legal resources. (Doc. 4). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, this Court has discretion to recruit counsel to represent indigents in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In evaluating whether counsel should be appointed, this Court must examine (what are known as) the *Pruitt* factors and apply them to the specific circumstances of this case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* at 761, *quoting Pruitt*, 503 F.3d at 654. Here, the Court does not yet find it necessary to appoint counsel. Although Plaintiff's complaint was not sufficient as pled, this is not indicative of an overall inability

to represent himself.  Plaintiff may renew his request for appointment of counsel later in the litigation if the need arises.  Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED.**

### Disposition

Plaintiff is **DIRECTED** to file an amended complaint within 30 days of this Order. To assist him with preparing an amended complaint, the Clerk of Court is directed to mail Plaintiff a copy of the standard civil rights complaint form along with this Order.  If Plaintiff fails to file an amended complaint, his case may be dismissed for failure to state a claim or failure to prosecute.  A ruling on Plaintiff's Motion for Service of Process at Government Expense (Doc. 5) will be deferred.

**IT IS SO ORDERED.**

Dated: May 23, 2022                                       /s *David W. Dugan*
                                                         _____
                                                         DAVID W. DUGAN
                                                         United States District Judge