IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SMITH, N22143, | ) |
|  | ) |
|         Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| RACHELL DODD, | )   Case No. 22-cv-1013-DWD |
| J. CAYWOOD, | ) |
| MRS. CLARK, | ) |
| MR. HILL, | ) |
| NICHOLE DUNLAP. | ) |
|  | ) |
|         Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On May 23, 2022, Plaintiff Anthony Smith, an inmate of the Illinois Department of Corrections (IDOC), was directed to file an amended complaint because his original complaint failed to state a claim. Plaintiff's amended complaint concerns various issues and conditions of confinement at Robinson Correctional Center (Robinson). (Doc. 12). Plaintiff seeks monetary damages. Plaintiff has also filed numerous "motions" and documents that appear to be attempts to add exhibits or allegations to his amended complaint. (Docs. 14-20).

Plaintiff's amended complaint (Doc. 12) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint and Amended Complaint

Plaintiff alleges that from approximately June 7, 2021, to April 27, 2022, he was denied access to extra boxers, socks, t-shirts, and towels. (Doc. 1 at 10). Upon arrival at Robinson, he was issued one set of blue pants and a shirt that were used. He followed the proper procedures to request new or additional clothing, but his requests were denied. He was also prevented from buying many additional supplies from the commissary because he was often told that items were out of stock. He further alleges that the clothing he brought with him to Robinson during his transfer from Dixon Correctional Center had become so worn that it was threadbare and see-through. Plaintiff alleges that he is being treated as less than an animal, and he is embarrassed by his clothing. Plaintiff claims that normally when an inmate transfers to a new facility, he is given all new items including a blue uniform, boxers, socks, t-shirts, towels, bedding, and shoes. (Doc. 1 at 14).

In the original complaint, Plaintiff's focal point was his claim that he was being denied adequate clothing and towels. (Doc. 1 at 10-14). He also made broad allegations that his grievances have been delayed or ignored, the Robinson commissary has unethical practices, and there is retaliation and discrimination against individuals of color. (Doc. 1 at 11). He alleged that he had been denied adequate access to the law library because it

lacked many materials and there are not regular library hours. (Doc. 1 at 14). He suggested that he has been discriminated against based on his disability, which has made it difficult to get job assignments or education. (*Id.*). In reviewing the complaint, the Court concluded that Plaintiff failed to state a claim both because he did not specifically link the alleged wrongs to individual actors, and because a desire for new clothing does not amount to a constitutional violation. (Doc. 9).

In the amended complaint, Plaintiff sought to remove some of the original defendants, and he added others. He then included a discussion of each defendant, with exhibits interspersed. He indicated that one grievance had been fully exhausted, but others were still being processed. (Doc. 12 at 6).

Starting with Defendant Dodd, the Warden, Plaintiff alleges that she has violated his Eighth Amendment rights by failing to remediate the issues he grieved concerning access to clothing. He suggests that additional pain was inflicted upon him as a disabled individual. Plaintiff alleges that by signing grievances, Dodd has complied with other staff members who violated his rights. (Doc. 12 at 12).

Plaintiff claims that Defendant Caywood is most responsible for the whole situation because he could have just provided Plaintiff with requested items, and the whole situation would have been avoided. (Doc. 12 at 13). In response to a grievance, Caywood advised Plaintiff that every nine months inmates could request new items, and he suggested Plaintiff need only follow that procedure. Plaintiff characterizes Caywood's treatment of the situation as intentional mental abuse, and he alleges that Caywood denied him the opportunity to provide for himself. Plaintiff additionally claims that

Caywood oversees the commissary department. He alleges at great length that the commissary commits frequent price gouging. He suggests the problems with the commissary are widespread, and that if investigated, many wrongs would be uncovered. (Doc. 12 at 15).

Turning to Defendant Clark, Plaintiff alleges that she makes frequent errors while working commissary, and she pressures inmates to accept the errors by hurrying through transactions or being confrontational. (Doc. 12 at 15-16). As an example of the alleged problems, Plaintiff supplied copies of multiple commissary receipts, and he alleges that on one occasion he was charged more than $5 for oatmeal cream pies, when the cost should have been $3.29. (Doc. 12 at 19-23). He attached a grievance about the issue, which is apparently still pending. (Doc. 12 at 17-18). He alleges that he has asked Caywood and others about the grievances, but he has not heard back. (Doc. 12 at 16).

Plaintiff claims that Defendant Hill, the director of the dietary department, has violated his rights because he apparently changed the work contract for dietary workers such that rather than signing it before a 90-day stint of work, workers were asked to sign a contract after working a 90-day stint. (Doc. 12 at 24). Plaintiff claims that this practice is unfair because the conditions of being a dietary worker could be changed without an inmate knowing. As a result of the issue, Plaintiff alleges he quit the job. He provided support in the form of a disciplinary report which is hard to read but suggests he refused to continue reporting to work. (Doc. 12 at 25).

As to Defendant Dunlap, Plaintiff claims that she is an inadequate law library supervisor because she does not always provide correct or complete forms, she is often

absent, she does not maintain up-to-date resources, and when asked about inadequacies she defers to Springfield.  (Doc. 12 at 26-27).  He claims that as a result, he is unable to fully litigate his case.

Plaintiff seeks monetary compensation of an unspecified amount.  (Doc. 1 at 16).

## Analysis

Plaintiff's amended complaint is insufficient as pled.  As to any claims related to the deprivation of clothing—against Defendants Dodd and Caywood—Plaintiff has failed to state an adequate claim because as the Court previously explained, allegations that Plaintiff wished for additional sets of clothing, or that he wanted new clothing, are not sufficient to state a claim for harmful conditions of confinement.  *See e.g. Myrick v. Anglin*, 496 Fed. Appx. 670, 675 (7th Cir. 2012) (denial of new clothing or showers that did not exacerbate medical conditions was not unconstitutional); *Windsor v. Ind. Dept. of Corr.*, 2022 WL 857034 at *2 (N.D. Ind. 2022) (noting that infrequent clothing exchanges do not implicate constitutional concerns where inmate has the ability to wash the clothes he has); *Stanton v. Galipeau*, 2021 WL 1723047 at *1 (N.D. Ind. 2021) (finding that inability to change clothes coupled with lack of access to showers to clean, and unsanitary cells may state a claim); *Hardy v. Rauner*, 2018 WL 1904288 at *7-8 (S.D. Ill. 2018) (finding that infrequent clothing exchanges and holes in existing clothing did not constitute an Eighth Amendment claim).  Plaintiff's factual allegations tend to suggest that he wanted new clothes, but not that he needed new clothes or that he was suffering some ill side-effect based on the lack of access to extra clothing.  Plaintiff claims that he is humiliated by the clothing situation, but again, he does not describe any physical ailment caused by the

situation. Plaintiff's allegations about clothing are less detailed in his amended complaint than they were in the original, and even in the original complaint Plaintiff failed to state a claim based on the clothing issue.

Additionally, Plaintiff's allegation that Dodd is responsible merely because she oversees the facility would not be sufficient even if he had a claim based on access to clothing. There is no supervisory liability under § 1983, so to state a valid claim, a plaintiff must demonstrate that the supervisor did more than passively approve a grievance or acquiesce to conduct. A plaintiff must demonstrate that the supervisor knowingly and intentionally caused or condoned a constitutional harm. Plaintiff alleges only that Dodd signed a grievance and by being the supervisor she was compliant with her employees' conduct. An allegation of this nature is not sufficient under § 1983, so the claim against Dodd could also be dismissed on this basis.

Turning to Plaintiff's claims about the commissary that he raised against Defendants Caywood and Clark, Plaintiff has failed to state a claim because there is no right to commissary under federal law. See *Animashaun v. Keefe Commissary Network*, 2013 WL 3321863 *1, *2 (N.D. Ill. 2013) ("[Plaintiff does not have a constitutional right to purchase commissary items, [and] he has no federally protected right to purchase commissary items at a particular price or to have the jail restrained from charging exorbitant prices.") Accordingly, there is no claim against Caywood or Clark related to commissary.

As to Plaintiff's claims about the employer-employee contract that governs work in the dietary area of the prison, Plaintiff's allegations do not align with any of the

common theories of relief under § 1983.  Prison inmates do not have a constitutional right to any form of prison employment, so Plaintiff has not stated a claim by alleging that he was forced to resign his prison job after the contractual arrangement for the job changed. *See, e.g. Harris v. Greer*, 750 F.2d 617, 618 (7th Cir. 1984) (an inmate has no constitutional right to a job of his choice).  Plaintiff alleges that Defendants Hill and Dodd have violated his rights by allowing a change of the contractual process that has employees sign a contract at the end of 90 days of work, rather than at the outset.  This factual allegation does not state a claim under federal law, so this claim is dismissed.

Finally, Plaintiff argues that Defendant Dunlap has violated his rights by denying him access to an adequate law library based on a list of deficiencies, such as not always providing the correct form, or lacking current materials.  As the Supreme Court explained in *Lewis v. Casey*, 518 U.S. 343, 351 (1996), there is no "abstract freestanding right to a law library…[and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library…is subpar in some theoretical sense."  To establish a deprivation of access to the Courts, a plaintiff must show "that as a result of the prison's action the plaintiff had lost a case or suffered some other legal setback."  *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006).  Plaintiff's allegations about the law library exhibit a dissatisfaction, but they do not amount to an actual deprivation of access to the Courts.  To state an adequate claim related to a law library, a plaintiff must at least give minimal detail about prejudice he suffered.  *Pratt*, 464 F.3d at 732.  Here, Plaintiff has not clearly suggested prejudice.  At most, he alleges that on one occasion he sought a blank civil rights complaint form, but the librarian first gave him a habeas form, and apparently later

copied a form from another inmate. Plaintiff's complaint was filed on a civil rights form, and it is not apparent that the lack of access to materials prevented him from pursuing this case or other litigation. Plaintiff's lack of success in this case is not caused by a lack of reference to the law, rather the dismissal of this case is occasioned by the fact that Plaintiff's allegations do not amount to a harm under federal law.

In addition to the amended complaint, the Court reviewed the four additional motions (Docs. 16, 17, 19, and 20) and one notice (Doc. 18) that Plaintiff has filed in the last month. The motions are random documents that Plaintiff seeks to add as exhibits to supplement his claims. The documents do not alter the analysis above, so the "motions" will be denied.

Based on the foregoing analysis, the Court will dismiss Plaintiff's entire complaint for failure to state a claim. Although pro se plaintiffs are sometimes given chances to amend, the Court will not give Plaintiff another chance to amend because it would be fruitless. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). The amended complaint contains less detail about the original access to clothing claims than the original complaint did. As for the other issues presented about commissary and the law library, it appears that Plaintiff has admitted that he has not yet completed the exhaustion of administrative remedies about these issues, making this lawsuit premature. *See Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (a "sue first,

exhaust later" approach is not acceptable, any lawsuit filed before exhaustion is completed is premature and must be dismissed without prejudice). Plaintiff does not mention exhaustion of the employment related claim. Even if he had exhausted remedies, the issues Plaintiff describes do not amount to a violation of the constitution. Accordingly, Plaintiff's amended complaint will be dismissed for failure to state a claim.

## Motion for Recruitment of Counsel

In the Second Motion for Counsel, Plaintiff plainly states that he is eligible for counsel. (Doc. 13). As the Court previously explained, Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The Court previously explained that Plaintiff had not taken steps to demonstrate a need for counsel, nor had he shown efforts on his own behalf to seek counsel. The second motion does not remedy this issue, so it is **DENIED**.

## Disposition

Plaintiff's Amended Complaint (Doc. 12) is **DISMISSED** for failure to state a claim. Plaintiff's pending Motions (Docs. 16, 17, 19, 20) are **DENIED**. Plaintiff's Second Motion for Appointment of Counsel (Doc. 13) is also **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment and to close this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d

724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: July 11, 2022

_____
DAVID W. DUGAN
United States District Judge